[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on appeal from the decision of the defendant Zoning Board of Appeals' decision to uphold the cease and desist order of the Zoning Enforcement Officer (ZEO). CT Page 439
On March 1, 1977, the plaintiff, Sander Hendel (Hendel), applied for a special permit to operate a flea market on property he owned in a commercial zone. The application was approved with an extension date of November 1978. Subsequently, renewal of the permit was approved for one-year terms until a three-year permit was granted on January 17, 1984.
On September 26, 1986, the plaintiff applied for another three-year permit. The Certificate of Special Permit dated February 5, 1987, did not impose any time limit. However, a "Schedule B" was found in the Board's folder from permit, as it appeared in the land records, and on its face did not have any time limitation. Also, the minutes of the meeting when the permit was granted contain no mention of any time limit.
In October 1989, after being told that his permit was expiring, the plaintiff applied for a renewal for an additional three years. He was not given a three-year permit, instead, the permit was approved only for six months from the expiration date of the previous permit. Certain conditions were also mandated. The plaintiff had to submit an A-2 survey and a Class A site plan and apply for a special use permit.
After the expiration of that permit, the plaintiff continued the operation of the flea market.
On October 16, 1990, the ZEO issued a cease and desist order directing the plaintiff to discontinue further operation of the flea market until such a time as the proper permit was obtained.
The plaintiff appealed, and on December 11, 1990, the ZBA upheld the order of the ZEO. The ZBA stated as its reason that the request for the permit was for three years and that was what the plaintiff received, even though the time limit was not specifically stated.
Since the plaintiff owns the property in question, he is an aggrieved party. Further, the appeal was filed within the time allowed, under Connecticut General Statutes Section8-8 (b).
The plaintiff argues that since the special use permit dated February 5, 1987 did not provide for an expiration date, and since the minutes of the January 8, 1987 meeting when the permit was granted also did not refer to a time limit, it is still valid. In support of that argument, he contends that the permit is a legal document to be construed CT Page 440 by the Court, and that in construing it, the Court must give the language used its ordinary and natural meaning in the absence of anything indicating an intention to the contrary.
The defendant argues that when the application for renewal was granted, what was granted is what was requested. Here, the application specifically requested renewal for a period of three years. Therefore, even though no time limitation was specified, the permit was granted for three years since that is all that was requested.
The Board's reasons for upholding the cease and desist order is amply supported by the record.
The September 23, 1986 application is specifically for three years. The folder for this renewal application contains a "Schedule B" listing conditions similar to those listed in the previous permit. Although the minutes do not appear to contain the schedule, there is no evidence that the Board intended to renew the permit excluding the previous conditions.
Finally, the plaintiff himself applied for a renewal permit after the three years had expired.
The record amply supports the decision of the ZBA and, therefore, it did not act unreasonably, arbitrarily or illegally.
The appeal is dismissed.
MIHALAKOS, J.